IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **Voice Tech Corporation,** Plaintiff, vs. **Mycroft AI Inc.,** Defendant. | Case No. 4:20-cv-00111-RK<br><br>Jury Trial Demanded |

### PLAINTIFF VOICE TECH CORPORATION'S OPPOSITION TO DEFENDANT MYCROFT AI INC.'S MOTION TO DISMISS

Plaintiff Voice Tech Corporation ("Voice Tech") by and through counsel, hereby submits its Opposition to Defendant Mycroft AI Inc.'s ("Mycroft") Motion to Dismiss (the "Motion").

### I. INTRODUCTION

Mycroft's Motion is based upon a singular, and unfounded contention: that Voice Tech's First Amended Complaint (the "Complaint") lacks sufficient specificity to state a claim, and should therefore be dismissed. This is not so. Voice Tech's Complaint amply satisfies the pleading requirements applicable to it under the established *Iqbal/Twombly* standards as applied in patent cases. Moreover, Mycroft's suggestion that further particularity is required is belied by both the Complaint's allegations (which, *inter alia*, specify that Mycroft's software products infringe Voice Tech's U.S. Patent Nos. 9,794,348 (the "'348 Patent") and 10,491,679 (the "'679 Patent"), and even supply examples of that infringement) and the Local Rules of this Court for patent actions, which call for Voice Tech to provide its "Disclosure of Asserted Claims and Infringement Contentions" after the Rule 16 conference – not within its opening pleading. *See* W.D.Mo. Local Patent Rule ("LPR") 3.1.

Accordingly, and as further explained herein, the Motion should be denied.

## II. FACTS

1. On March 10, 2020, Voice Tech filed its Complaint accusing Mycroft of willfully infringing the '348 Patent and the '679 Patent directly and indirectly under 35 U.S.C. §§ 271 and 284.[1] Doc. 9. Both the '348 and '679 Patents are entitled "Using Voice Commands from a Mobile Device to Remotely Access and Control a Computer." *Id*.

2. In the Complaint, Voice Tech identifies the parties as:

   a. Plaintiff Voice Tech Corporation as a Texas corporation with an address at 1431 Hawthorne Avenue, Tyler, Texas 75702 (Doc 9 at ¶ 7); and

   b. Defendant Mycroft AI Inc. as a corporation organized and existing under the laws of the State of Delaware with a place of business at 300 E. 39th Street, Kansas City, Missouri 64111. *Id.* at ¶ 8.

3. The Complaint further explains that Voice Tech is "the owner of the '348 and the '679 patents with all substantive rights thereto, including the sole and exclusive right to enforce the '348 and the '679 patents against infringers, and to collect damages for all relevant times, including past damages." *Id.* at ¶ 9.

4. With respect to Mycroft's infringement of the '348 and the '679 patents, Voice Tech's Complaint specifically alleges that:

   > Defendant has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '348 [and the '679] patent in the United States in violation of 35 U.S.C. § 271 by making, using, offering for sale, selling, importing, providing, supplying, and/or distributing

---

[1] By the Complaint, Voice Tech supplemented its initial pleading filed in this action (before Mycroft had answered) to include additional activities by Mycroft that further supported Voice Tech's original allegations that Mycroft willfully violated Voice Tech's patents. *Compare* Doc. 1 *with* Doc. 9. The supplemental-alleged activities are a portion of Mycroft's behavior that necessitated Voice Tech's pending Motion for Relief. Docs. 14 and 15.

without limitation, the Mycroft AI family of software (including related components, e.g., Adapt, Padatious, etc.), which may run on a wide range of software platforms and hardware. For example, Defendant's software runs on Defendant's products Mark 1 and Mark II. On information and belief, other examples include Defendant's software being run on smartwatches, laptops, and in automobiles. Further, on information and belief, Defendant is developing a Mark III to run Defendant's software. *Id*. at ¶¶ 17 and 21.

5. On March 24, 2020, Mycroft filed its Motion alleging that Voice Tech's Complaint failed to state a claim upon which relief could be granted, purporting to complain, in essence, that the Complaint lacked necessary detail. Doc. 12.

Contrary to Mycroft's arguments, however, the Complaint's allegations are sufficient, and the Court should, thus, deny the Motion.

## III. ARGUMENT

### A. LEGAL STANDARD

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) (quoting *Redland Ins. Co. v. Shelter Gen. Ins. Cos.*, 121 F.3d 443, 446 (8th Cir. 1997))). Under the pleading standards of the Federal Rules of Civil Procedure, a complaint need only contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint is not required to contain, "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting, *Bell Atl. Corp.v. Twombly*, 550 U.S. 570 (2007)). A complaint is "plausible on its face" if it, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The

plausibility standard is analyzed by the courts in a wholistic fashion based on the totality of allegations rather than analyzing each allegation singularly. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n. 4 (8th Cir. 2010).

Courts are required to "construe the complaint in the light most favorable to the nonmoving party." *Carton v. General Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010). Furthermore, Courts are required to consider as true all facts alleged in the complaint. *CN v. Willmar Public Schools*, 591 F.3d 624, 629 (8th Cir. 2010); *Owen v. General Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008). In other words, the Court should assume the veracity of Voice Tech's factual allegations, and then determine whether those facts would likely entitle Voice Tech to relief. *Iqbal*, 556 U.S. 662 at 679.

In patent cases, the *Iqbal/Twombly* pleading standard has been interpreted merely to require "plaintiffs to include 'a brief description of what the patent at issue does and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing.'" *InCom Corp. v. Walt Disney Co.*, No. CV15-3011 PSG (MRWx), 2016 U.S. Dist. LEXIS 71319, at *8 (Feb. 4, 2016) (citing *Bender v. LG Elecs.*, No. C 09-02114 JF (PVT), 2010 U.S. Dist. LEXIS 33075, at *19 (N.D. Cal. Mar. 11, 2010).

**B.  VOICE TECH'S COMPLAINT SATISFIES THE APPLICABLE STANDARDS**

    **1.  Voice Tech Sufficiently Pleaded Its Complaint In Accord With The Governing Standards And Local Patent Rules.**

As is evident even from the summary fact section above, Voice Tech pleaded a claim for patent infringement upon which relief can be granted because the Complaint: 1) identifies two specific patents which are alleged to be infringed; 2) specifically identifies, and accuses of infringement, certain Mycroft products; and 3) identifies direct infringers with respect to its

4

Case 4:20-cv-00111-RK   Document 17   Filed 04/07/20   Page 4 of 11

indirect infringement allegations. *See, e.g.,* Doc. 9 at ¶¶ 17, and 22. Accordingly, as a matter of law, Voice Tech has pleaded a plausible cause of action for patent infringement and has adequately put Mycroft on notice of its patent infringement claims against it as well as the grounds upon which those claims rest in accordance with the relevant legal standard. *See, e.g., InCom Corp.*, 2016 U.S. Dist. LEXIS 71319, at *8.

Mycroft's Motion, nevertheless, makes the unfounded, conclusory statement that "[p]laintiff's Complaint is a bare bones, boilerplate patent infringement claim that lacks any substance and fails to articulate a plausible claim for relief." Doc. 12 at 1. Upon that false predicate, Mycroft then attempts to argue for a pleading level of specificity that is simply not required under the *Iqbal/Twombly* pleading standard as applied in patent cases. For example, Mycroft incorrectly argues that a plaintiff is required to specifically address each element of a cause of action for patent infringement in its Complaint. Doc. 12 at 2. Mycroft then attempts to analyze the allegations of indirect and direct infringement under the standards required for proving infringement—NOT pleading it. *Id.* at 3. This is an incorrect interpretation and application of the law. *See e.g., Iqbal*, 556 U.S. at 678 (holding a complaint is not required to contain "detailed factual allegations"). As the Federal Circuit has explained, "[t]he plausibility standard 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the plaintiff's allegations." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *Twombly*, 550 U.S. at 556). In patent cases, the "Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Id.* (citation omitted) (internal quotations omitted).

In fact, the Western District of Missouri Local Patent Rules are designed to function in accordance with the case's scheduling order to govern when infringement contentions are due and

5

what specific information is required. *See, e.g.*, LPR 3.1. And, consistent with the pleading standards referenced above, they explicitly call for plaintiffs to provide the sort of particularity Mycroft erroneously contends must be pleaded <u>after</u> the parties' Rule 16 conference, not in the plaintiff's complaint. *Id.* (establishing the timing and substance for plaintiff's "Disclosure of Asserted Claims and Infringement Contentions," which are to be made "[n]ot later than 7 days after the Rule 16 Scheduling Conference….").

### 2. Voice Tech's Indirect Infringement Claims Are Sufficiently Pled.

Voice Tech's Complaint accuses Mycroft of indirect infringement both by: (1) inducing other third parties to use the accused products/software to practice the claimed invention of the '348 and '679 Patents; and (2) providing accused devices/software to third parties that have no other substantially non-infringing use. In addressing Voice Tech's indirect infringement allegations, Mycroft erroneously attempts to require detailed factual allegations of each element required to prove infringement. Doc. 12 at 3 (stating "Plaintiff does not plead direct infringement with the requisite specificity and does not even address the elements of indirect infringement"). Mycroft then doubles down on its erroneous pleading standard position by citing cases that focus on the elements required to prove infringement—NOT plead it. As one example, Mycroft cites *Kyocera Wireless Corp*. stating that "the patentee must show, first that there has been direct infringement [by a third party], and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage [the third party's] infringement." *Id*. at 4 (citing *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008)). Mycroft, however, fails to acknowledge the fact that the elements being discussed in that excerpted quotation are those required to prove infringement, not to plead it.

6

Case 4:20-cv-00111-RK   Document 17   Filed 04/07/20   Page 6 of 11

Mycroft then focuses on the direct infringement branch of induced infringement and appears to argue that the Complaint fails to identify any third party direct infringer. This is factually incorrect. The Complaint states that the accused software is believed to be run on the Mark 1 and Mark II Mycroft products, as well as on smartwatches, laptops, and automobiles. Doc. 9 at ¶¶ 17 and 22. Mycroft's response to this is "there is no indication that the Mark 1, Mark II, smartwatches, laptops, and automobiles are associated with any third party." Doc 12 at 5. This argument fails for at least two reasons: (1) these are all devices that are designed to be used by a third party; and (2) discovery is intended specifically to aid Voice Tech in identifying such party(s) after institution of the lawsuit. Furthermore, Mycroft's argument is in direction contradiction with Local Patent Rule 3.1(d) which requires Voice Tech to identify "any direct infringement and [provide] a description of the acts or the alleged indirect infringers that contribute to or are inducing direct infringement" no "later than 7 days after the Rule 16 Scheduling Conference." LPR 3.1(d).

Mycroft's attack on Voice Tech's allegations of contributory infringement are similarly flawed. Again, Mycroft attempts to argue for identification of all elements required for proving contributory infringement in citing *Fujitsu Ltd*. *See* Doc. 12 at 5 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) in discussing the elements required to prove [not plead] contributory infringement) (emphasis added). Specifically, Mycroft appears to argue the Complaint must show: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial non-infringing uses, and 4) that the component is a material part of the invention." *Id*. Again, a sufficiently pled cause of action does not require the detailed facts Mycroft is claiming are necessary. Nevertheless, and contrary to Mycroft's Motion, the Complaint clearly addresses direct infringers as end-users of the accused products/software as discussed above. Likewise, the Complaint also demonstrates that Mycroft

7
Case 4:20-cv-00111-RK   Document 17   Filed 04/07/20   Page 7 of 11

was aware of the patent at least as early as Voice Tech's pre-suit communications with Mycroft. Doc. 9 at 10. Finally, at this very early stage of litigation Voice Tech is not aware of any substantial non-infringing uses of the accused products/software and believes the invention to be a material part of the accused products/software. Again, discovery exists exactly for elucidating issues such as these.

### 3. Voice Tech's Direct Infringement Claims Are Sufficiently Pled.

Voice Tech's Complaint also accuses Mycroft of direct infringement. Mycroft's Motion with respect to the sufficiency of Voice Tech's direct infringement allegations against Mycroft is even more egregious. Mycroft admits that:

> Plaintiff alleges, "[u]pon information and belief," that Mycroft is directly infringing "the '348 patent [and the '679 patent] in the United States in violation of 35 U.S.C. § 271 by making, using, offering for sale, selling, importing, providing, supplying, and/or distributing without limitation, the Mycroft AI family of software (including related components, e.g., Adapt, Padatious, etc.), which may run on a wide range of software platforms and hardware." Complaint, ¶¶ 17, 22. Plaintiff then claims, "[f]or example, Defendant's software runs on Defendant's products Mark 1 and Mark II." Id. And finally, Plaintiff alleges that "[o]n information and belief, other examples include Defendant's software being run on smartwatches, laptops, and in automobiles."

Doc. 12 at 6–7 (emphasis added). But, nevertheless, Mycroft goes on to inaccurately describe this disclosure as "boilerplate allegations—which are nothing more than legal conclusions masquerading as factual allegations—are devoid of the specificity required to state a claim for patent infringement." *Id*. at 7. The fallacy of this argument is apparent on its face. Yet, in an attempt to support this argument, Mycroft cites several cases in which a pleading for patent infringement was deemed inadequate because the pleadings generally alleged infringement only of some patents (*e.g.*, "here are ten patents we own") and/or generally referred to accused products without attempting to specifically identify them. *See id*. at 7–8. Mycroft is inaccurately describing the information contained within the Complaint in an attempt to pigeon-hole Voice Tech's Complaint

8

as applicable to its cited case law. Voice Tech specifically identified the two patents being asserted. Doc. 9 at ¶ 7–9, 17 and 22. Voice Tech then specifically identified the accused products, software and related components. *Id*. at ¶¶ 17 and 22. This is sufficient to plead a sustainable claim.

## C. IF THE COURT DETERMINES FURTHER PARTICULARITY IN VOICE TECH'S COMPLAINT IS REQUIRED, AMENDMENT – NOT DISMISSAL WITH PREJUDICE – IS THE APPROPRIATE REMEDY

For all of the reasons set forth above, Voice Tech respectfully submits that the Motion should be denied outright. However, were the Court to determine further detail is required within Voice Tech's pleading, Mycroft's request for the case to be dismissed with prejudice is unwarranted. Mycroft has not shown nor argued that leave to amend would be a futile effort by Voice Tech in order to protect its patent rights. *See Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292-93 (9th Cir.), cert. denied, 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983) (stating "[i]t is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile); *see also Beshears v. Wood*, No. 3:17-05048-CV-RK, 2017 WL 6397496, at *4 (W.D. Mo. Dec. 14, 2017) (holding that because "the Court cannot determine that amendment would be futile[,] . . . the dismissal will be without prejudice"). Moreover, there would be no basis for any such finding. To the contrary, Voice Tech already is preparing to make the sort of detailed disclosures Mycroft contends are lacking in its Complaint following the Rule 16 conference, as called for by the Court's Local Patent Rules. *See* LPR 3.1. While Voice Tech maintains it is unnecessary for it to incorporate such supplemental matters into its Complaint, it could readily do so. Accordingly, and consistent with the rule that leave to amend should be freely given (*see* Fed. R. Civ. P. 15), if the Court determines to grant the Motion in any part (which it should not do), in so doing, the Court should not dispose of the entire action. Rather, Voice Tech respectfully submits that any order granting the Motion should be *without prejudice*,

and requests that any such order also expressly afford Voice Tech leave to file an amended complaint to address any perceived deficiencies.

## IV. CONCLUSION

The Complaint is compliant with the federal pleading standards, and this Court's local rules. Again, Voice Tech is not required to elaborate and/or provide detailed facts in order to meet the federal pleading standards and survive a motion to dismiss. If all Voice Tech's allegations and facts, including extrinsic documents, are taken as true, it is plausible that Voice Tech would be entitled to relief. Accordingly, the Court should deny Defendant Mycroft AI Inc.'s Motion to Dismiss. In the alternative, to the extent the Court believes further specificity is needed in the Complaint, Voice Tech respectfully submits that the Court should allow Voice Tech leave to file a Second Amended Complaint to supply that disclosure, and not dismiss the case with prejudice as Mycroft has improperly proposed.

DATED:  April 7, 2020	Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By:	*/s/ Stacey R. Gilman*
Stacey R. Gilman   (MO Bar #55690)
2600 Grand Boulevard Suite 1200
Kansas City, Missouri  64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
sgilman@berkowitzoliver.com

*-and-*

**TUMEY L.L.P.**

By:	*/s/ Tod T. Tumey*
Tod T. Tumey (*admitted pro hac vice*)
Eric M. Adams (*admitted pro hac vice)*
5177 Richmond Avenue, Suite 1188
Houston, Texas  77056
Telephone: (713) 622-7005
Facsimile (713) 622-0220
ttumey@tumeyllp.com
eadams@tumeyllp.com

*Attorneys for Plaintiff Voice Tech Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all parties of record this 7th day of April, 2020, through the Court's C/M ECF system.

*/s/ Stacey R. Gilman*
*Attorney for Plaintiff Voice Tech Corporation*