# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| VOICE TECH CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-00111-CV-RK |
| | ) |
| MYCROFT AI INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Voice Tech Corporation's ("Voice Tech") motion for contempt and sanctions. (Doc. 84.) The motion is fully briefed. (Docs. 85, 86, 87.) After careful consideration, and for the reasons set forth below, the motion is **GRANTED in part** and **DENIED in part**.

### Discussion

Plaintiff alleges the Defendant violated the Court's Order directing the Defendant to remove and delete portions of a social media blog posting. In particular, the following portions were addressed:

1. Remove and delete the sentence " I don't often ask this, but I'd like for everyone in our community who believes that patent trolls are bad for open source to repost, link, tweet, and share this post. Please help us to get the word out by sharing this post on Facebook, LinkedIn, Twitter, or email."

2. Remove and delete the remaining portion of the post that begins with "[e]ventually, that lunch money adds up to a lot more than a doctor's visit." This remaining portion included Tod Tumey's confidential correspondence information; links to 4 emails; and a link to a "final notice letter."

3. Remove and delete the image attribution.

(Doc. 85-1, pp. 15-16.) The Court specified Defendant was to "assertively take down" the portions discussed and "to assertively search and take down" those same portions in similarly related social media platforms such as Facebook or other blogs. (*Id.*, p. 14.) The Court went on to express, "I'm not asking that all that blog be taken down, just those sections." (*Id.*, p. 15.)

In its present motion, Plaintiff asserts Defendant is in contempt of the Court's Order of April 14, 2020, (Doc. 85-1) by maintaining its original, threatening blog article on its online Mycroft Community Forum; publishing articles with links to third-party articles quoting Mycroft's original threats; working with third-party publishers Techdirt and EFF to republish its original threats; publishing articles with links to EFF's online article containing Mycroft's original threats; and emailing links to articles with Mycroft's original threats. Plaintiff also alleges Defendant committed additional malicious acts warranting application of the Court's inherent contempt power. (Doc. 84.) Plaintiff requests that the Court find Mycroft in contempt of its April 2020 Order (Doc. 85-1) and to employ its inherent power to sanction Mycroft's alleged additional misconduct and bad acts. (Doc. 84.) Plaintiff seeks the extreme sanctions of:

> striking Mycroft's answer, defenses, and counterclaims, entering a default judgment of liability against Mycroft, entering a permanent injunction against Mycroft, and awarding Voice Tech its attorney's fees, costs, and post judgment interest in this case. Further, in relation to the permanent injunction, Voice Tech also asks the Court to order Mycroft to produce a forensically imaged hard drive of each and every computing device used since January 2020 by its officers and employees within three business days of the Court's order as well as a daily fine of $1,000 for every day Mycroft fails to comply with the Court's order. Voice Tech suggests that these materials be produced to an independent forensics expert and that the parties work together on attempting to agree on this independent forensics expert.

(*Id.*) (footnote omitted).

This Court recognizes that "[t]he contempt power is a most potent weapon, and therefore it must be carefully and precisely employed." *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998). "A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). "A court's inherent power includes the discretionary ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Stevenson v. Union Pac. R.R.*, 354 F.3d 739, 745 (8th Cir. 2004) (citation and internal quotation marks omitted). "A district court may impose civil contempt sanctions for one of two purposes: to compensate parties aggrieved by contumacious conduct or to coerce compliance with the court's orders." *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1224 (8th Cir. 2006) (citing *United States v. United Mine Workers*, 330 U.S. 258, 303 (1947)).

Here, the Court's Order was narrow and plainly did not restrict the expressive rights of non-parties as they relate to this litigation or otherwise. The Court also finds Plaintiff does not show by clear and convincing evidence that additional malicious acts it alleges were committed by Mycroft. However, the Court finds Defendant violated the Court's April 2020 Order (Doc. 85-1) by publishing articles with links to third-party articles quoting the original threats that the Court ordered Defendant to remove, delete, and "assertively search and take down."

## Conclusion

After careful review of the briefing and exhibits, the Court finds Plaintiff has not shown by clear and convincing evidence that Defendant has committed conduct rising to the level of contempt sufficient to warrant the extreme sanctions requested. However, in light of the Court's finding of contempt described above, the Court **ORDERS** as follows:

(1) Plaintiff's motion for contempt and sanctions (Doc. 84) is **GRANTED in part**: Defendant is **ORDERED** to:

    a. remove all links on its website, community forums, social media platforms, and other forms of internet presence to third-party material quoting the language originally ordered removed in the Court's April 2020 Order (Doc. 85-1) and

    b. refrain from adding such links to its website, community forums, social media platforms, and other forms of internet presence for the remainder of this litigation.

(2) Plaintiff's motion for contempt and sanctions is **DENIED in all other respects.**

(3) If during the remaining pendency of this litigation Defendant is found to be in contempt of this Order and/or the corresponding Order of April 2020 (Doc. 85-1) the Court will entertain harsher sanctions as appropriate "to coerce compliance with the court's orders." *Chaganti & Assocs., P.C.*, 470 F.3d at 1224 (citation omitted).

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 22, 2021